# SUPREME COURT.

## JOHN A. DAYTON agt. JACOB RYERSON, JOHN RYERSON, and PHEBE ANN RYERSON.

Where a plaintiff claims for services as the *agent* of the defendants in effecting a sale of their property, and the defendants deny such agency, and the plaintiff has no direct and positive evidence of any such contract—*evidence* which has, or would have a marked tendency to establish such contract—to prove circumstances from which a contract might be inferred, is relevant to the issue.

And if any such evidence is offered by the plaintiff, and rejected by the judge on the trial, or if any *questions calculated to elicit such evidence* is overruled, as it cannot be known what effect it would have upon the minds of the jury, there will be a new trial.

Dayton agt. Ryerson and others.

*Dutchess General Term, April,* 1853.

S. B. Strong, Barculo and Gray, *Justices.*

This was an action brought by the plaintiff against the defendants to recover the sum of $1,070 commissions, for services, &c.; as the agent and real estate broker of the defendants in effecting a sale, for the sum of $107,000, to one Cyrus P. Smith, of a parcel of land containing about five hundred and thirteen lots, lying in the Seventh ward of the city of Brooklyn, belonging to the defendants.

The answer of the defendants denied, specifically, each and every allegation of the complaint.

The cause was tried at the Kings circuit, before Hon. Nathan B. Morse and a jury, on the 17th of June, 1851. The jury found a verdict for the defendants. On a bill of exceptions, the cause was ordered to be heard, in the first instance, at a general term—where a new trial was granted, on the ground that admissible evidence, to prove circumstances from which a contract between the parties establishing the agency of the plaintiff might be inferred, was excluded on the trial.

The remaining facts will sufficiently appear in the opinion of the court.

Albert Mathews, *for plaintiff,* said,

1. The acts and declarations of an agent are admissible for and against the principal, when part of the *res gestæ.* (*Thallimer* agt. *Brinckerhoff,* 4 *Wend. R.* 394.)

2. The jury may *infer* a promise from the facts and circumstances and acts of the parties, although no promise is proved. (*Allen* agt. *Smith,* 8 *Cow. R.* 301; *Guild* agt. *Guild,* 15 *Pick. R.* 129.)

3. A *request* may be implied from the beneficial nature of the consideration and the circumstances of the transaction. (*Livingston* agt. *Rodgers,* 1 *Caines' R.* 585; *Hicks* agt. *Burhans,* 10 *Johns. R.* 244.)

4. When services have been performed for another, with his knowledge and approbation, the law *implies a promise* to pay

Dayton agt. Ryerson and others.

for them, unless the defendant can show that payment was never intended. It rests with the *defendant* to prove, and with the *jury* to decide that services so rendered were intended as a voluntary courtesy. (*Jacobson* agt. *Executors of La Grange*, 3 *Johns. R.* 201; *Roe* agt. *Martin*, 2 *Cow. R.* 417.)

5. Whoever has the benefit of the services of another, is liable on a *quantum meruit*, and a *previous request* will be implied. (*Oatfield* agt. *Waring*, 14 *Johns.* 188; *Sullivan* agt. *Campbell*, 2 *Hall's R.* 271.)

6. Where labor is performed for the benefit of another, without his express request, yet if he know of the work, and tacitly assents to it, an *implied* promise will arise to pay a reasonable compensation. (*James* agt. *Bixby*, 11 *Mass. R.* 39; *Farmington Academy* agt. *Allen*, 14 *id.* 174.)

7. A subsequent *ratification* is equivalent to a previous authority. *Omnis ratihabitio, &c.* (*Culver* agt. *Ashley*, 19 *Pick. R.* 300; 1 *Am. L. C.* 417.)

8. A *ratification* may be express or *presumed* from the acts of the person to be affected. (*Lawrence* agt. *Taylor*, 5 *Hill*, 108.)

9. If a contract be made, or an act done without authority, and benefit be received and accepted under it, this is a *ratification* of the whole. (*Moss* agt. *The Rossie Lead Mining Co.*, 5 *Hill*, 137.)

A. HADDEN, *for defendants.*

By the court—S. B. STRONG, Justice. The learned judge, before whom this action was tried, instructed the jury very correctly, that the question to be determined by them was, whether the plaintiff had been employed by the defendants to effect the sale of the real estate made by them, or in their behalf, to Cyrus P. Smith, or had simply acted (if he had any agency in that matter) as a mere volunteer, without stipend. There was no direct and positive evidence of any contract between the parties to this suit, nor did the plaintiff allege that any such evidence could be produced, or existed. His offers were to prove circumstances from which a contract might be inferred.

Evidence which had, or would have had a marked tendency to establish such contract was relevant to the issue; and if any such was offered by the plaintiff and rejected by the judge, or if any questions calculated to elicit such evidence were over-ruled, as it cannot be known what effect it would have produced upon the minds of the jury, there should be a new trial.

Facts going to show the nature and extent of the plaintiff's agency (if any) in effecting the sale, the defendants' knowledge of his transactions, or their acceptance and confirmation of what was done by him in reference to the sale of their property, were immediately relevant and material. Enough was proved to show that a sale was effected by some one other than the defendants, which was subsequently consummated by them.

The plaintiff attempted to prove his alleged agency in making the sale. Smith, who bought the property, was asked by the plaintiff's counsel the following question: "Through whom did you purchase the property in question?" The defendants' counsel objected to the question, on the ground that it was immaterial from whom the witness purchased. The judge sustained the objection and overruled the evidence. The same witness was also asked by the plaintiff's counsel, whether he had purchased of the defendants directly, or how otherwise? In other words, whether the defendants had sold the property personally, or through the agency of some other person?

This question was also objected to and ruled out. This witness had previously testified that he had purchased through the plaintiff, and not directly from the defendants; but the evidence had been excluded as irresponsive to the question which had then been asked. This witness was also asked by the plaintiff's counsel, to whom he had paid the money for the defendants' property which he had purchased? This question was also objected to, and ruled out. The reason is not stated, but probably on the allegation of its immateriality. If there had been any objection on the ground that it was too general, and might lead to the introduction of improper evidence, it should have been specified, in order that (if possible) the counsel might have adopted a more pertinent interrogatory.

Dayton agt. Ryerson and others.

The question is, whether the facts which the rejected evidence was designed, and might have tended to prove, were material to the issue between the parties, which the jury was then trying?

The most essential transactions on a sale of real estate, on the part of the vendors, are the bargain, the execution of the conveyance, and the receipt of the purchase money. The plaintiff offered to prove that he had made the bargain, and received the money. If he had succeeded in establishing these facts, they, in connection with the evidence which showed positively that he had not acted as the agent of the purchaser, and that the bargain made by him for the vendors had been solemnly consummated by them, would have tended strongly to show that he had been employed by the defendants, and was consequently entitled to a compensation from them.

True, evidence was given in behalf of the defendants, by a highly respectable witness, that he, and not the plaintiff, was their agent in effecting this sale; and it is possible that the jury would have rendered a verdict in their favor had the rejected evidence been admitted, and submitted to them.

But the plaintiff had a right to submit, for their consideration, all admissible evidence in his behalf, and as he was denied the exercise of it, he is (and particularly on a bill of exceptions) entitled to a new trial. Costs should abide the event of the suit.